IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dwight C. Moore, et al., | ) | C.A.3:04-23429-22 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | **ON DEFENDANT'S MOTION** |
| | ) | **TO DISMISS** |
| United States of America, etc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motion of Defendant, United States of America, to dismiss this action for lack of subject matter jurisdiction and for lack of personal jurisdiction over certain Defendants. For the reasons set forth below, Defendant's motion to dismiss is granted pursuant to Fed. R. Civ. P. 12(b)(1).

**Background**[1]

Plaintiff Dwight C. Moore filed this action on December 30, 2004 against the following Defendants: United States of America; Department of the Treasury and John W. Snow in his official capacity as Secretary; Internal Revenue Service ("IRS") and Mark W. Everson in his official capacity as Commissioner; Joel A. Goverman in his official capacity as Area 4 SB/SE Director; Sarah B. Mulligan in her official capacity as Tax Compliance Officer; and Office of Taxpayer Advocate and Frances Kleckley in her official capacity as Manager of Taxpayer Advocate Service.

In his complaint, Plaintiff alleges that he signed and mailed to the IRS his federal individual tax return for calendar year 2000, which return contained an error that resulted in a tax liability of

---

[1] For purposes of this motion to dismiss, the court adopts the version of the facts as presented by Plaintiff, the non-moving party.

$80,330 and outstanding taxes due of $65,573. Plaintiff claims that he filed a request to pay the $65,573 in installments, which request was denied. Plaintiff appealed the denial by filing a "Collection Appeal Request," to which he attached an amended tax return for 2000. Under the amended return, which corrected the error in the initial return, Plaintiff's tax liability was $0 for 2000, and he was in fact due a refund of $27,757. Plaintiff does not allege that he paid the outstanding tax due under the initial 2000 return.

Plaintiff claims that the error in his initial 2000 return was the inclusion on Schedule C of a $250,000 payment, representing the ownership interest that Plaintiff received following the dissolution of his former law firm. Plaintiff claims that such payment should not have been reported on Schedule C of the return, "Profit or Loss from Business," but rather on the schedule for capital gains and losses. Plaintiff alleges that, even after receiving the payment of $250,000, Plaintiff sustained a net capital loss of $785,000. A later analysis performed by a professional economist retained by Plaintiff showed Plaintiff's loss upon dissolution of the law firm was $693,167. A report of this analysis was submitted to the IRS.

The IRS later audited Plaintiff's 2000 return. As a result, Plaintiff received a Form 4549, "Income Tax Examination Changes," which showed adjustments resulting in a balance due or overpayment of $7,353. However, this adjustment was based on other areas of Plaintiff's return and did not address Plaintiff's alleged capital loss. Rather than refunding the $7,353 to Plaintiff, the IRS credited the $7,353 towards his outstanding tax due on the initial 2000 return. The IRS similarly applied his federal tax refunds for 2001 ($10,183), 2002 ($9,166) and 2003 ($9,840) as credits to the outstanding 2000 tax, rather than sending the refunds to Plaintiff.

After having difficulty ascertaining the status of his amended return, Plaintiff contacted the "Office of Taxpayer Advocate." Initially told that there was nothing the taxpayer advocate could do because his file had been transferred, Plaintiff submitted a copy of his file to the taxpayer advocate. Plaintiff alleges that he has received no response from the taxpayer advocate. With regard to the status of his amended return, Plaintiff has not received a definitive response other than form letters indicating that the IRS is still processing the matter.

Plaintiff brought this action alleging bad faith failure to investigate, abuse of authority, denial of due process, conversion, violation of Taxpayer Bill of Rights 2, and harassment. Plaintiff seeks return of all federal and state tax refunds seized by Defendants, declaratory and injunctive relief, as well as actual, consequential and punitive damages, attorneys' fees and costs. Plaintiff alleges federal jurisdiction is proper under 28 U.S.C. § 1346(a)(1).

## Discussion

### I.    Subject Matter Jurisdiction

Defendant United States moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that Plaintiff has not alleged that he has paid his 2000 tax in full, which he must do in order to maintain an action in this court based on 28 U.S.C. § 1346(a)(1).

Plaintiff acknowledges that prepayment may be a jurisdictional prerequisite to a refund suit, but argues that the threshold challenge of his action is Defendants' failure and refusal to consider, review, and investigate his amended 2000 tax return. Plaintiff alleges that he is asking that the Defendants process his amended return. He submits that if Defendants were compelled to follow their own guidelines, a refund would necessarily flow from a proper review.

The jurisdictional provision upon which Plaintiff bases his action, 28 U.S.C. § 1346(a)(1) provides:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
>> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

The Supreme Court, in a comprehensive opinion, has clearly decided this issue. In *Flora v. United States,* 362 U.S. 145 (1960), the plaintiff taxpayer and the IRS disputed whether certain losses suffered by the taxpayer should be characterized as ordinary or capital losses. The taxpayer was assessed $28,908.60 for the year at issue, but paid only $5,058.54 and filed a claim with the IRS for refund of that amount. After the claim was disallowed, the taxpayer sued for a refund in a district court.

The Court concluded that the language of § 1346(a)(1) can be more readily construed to require payment of the full tax before suit than to permit suit for recovery of part payment.[2] *Id.* at 150-151. The Court acknowledged the hardship that might be generated by this requirement, but pointed out that a taxpayer has the option of seeking redress in the tax court without having to pay anything:

> A word should also be said about the argument that requiring taxpayers to pay the full assessments before bringing suits will subject some of them to great hardship.

---

[2]In *Lamb v. United States,* 587 F.Supp. 209, 211 (D.S.C. 1984), United States District Judge Matthew J. Perry held that a plaintiff in a refund suit must allege in the complaint that he paid the tax in full. The plaintiffs in *Lamb* asked the court to assume that they had fully paid their tax assessments, but the court held that it may not assume facts to satisfy a jurisdictional prerequisite.

> This contention seems to ignore entirely the right of the taxpayer to appeal the deficiency to the Tax Court without paying a cent. If he permits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations. On the other hand, the Government has a substantial interest in protecting the public purse, an interest which would be substantially impaired if a taxpayer could sue in a District Court without paying his tax in full.

*Id.* at 175.[3] The Court ultimately held that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a federal district court." *Id.* at 177.

The rationale for interpreting the statute to require full payment before bringing a refund suit was reiterated by the Supreme Court in *United States v. Williams,* 514 U.S. 527 (1995). The Court found that the language of § 1346(a)(1) "mirrors" the common-law remedy the statute displaced: actions of assumpsit "for money had and received," once brought against the tax collector personally rather than against the United States. *Id.* at 532. Assumpsit afforded a remedy to those who "had paid money they did not owe" for reasons including mistake. *Id.* The Court of Federal Claims, which shares jurisdiction over tax refund suits, has referred to such suits as "those in which the government has the citizen's money in its pocket." *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1008 (1967).

---

[3]*See also Carter v. Campbell,* 264 F.2d 930 (5th Cir. 1959) (Congress provided two mechanisms for a taxpayer to challenge legality of a tax or assessment: he may decline to pay and, provided prescribed steps are taken, seek determination through the tax court; or he may pay the disputed tax and, after exhausting refund claim procedures, sue either the district director or the United States to recover back payments); *England v. U.S.,* 261 F.2d 455 (7th Cir. 1958) (proper method of contesting validity of an assessment is to file a petition in the tax court and litigate the proposed deficiency, or to pay the tax, file a claim for a refund, and then sue for such refund in a district court).

The statutory scheme governing tax refund suits confirms that § 1346 is intended only as a vehicle to recover funds "had and received" by the United States Treasury. This is made clear by the requirement that any plaintiff bringing suit under this section must first file a claim with the Secretary of the Treasury. 26 U.S.C. § 7422(a).[4] Incidentally, the complaint does not allege that Plaintiff has sought relief from the tax court or has filed any claim with the secretary.[5] *See Loofbourrow v. C.I.R.*, 208 F.Supp.2d 698 (S.D.Tex. 2002) (taxpayer who chooses not to seek relief in tax court before bringing suit in federal district court must satisfy prerequisites for such jurisdiction, which include filing an administrative claim for a refund and making full payment of all tax liability).

Plaintiff seeks to circumvent the jurisdictional requirement by asking that this court simply compel the Defendants to follow their own guidelines and "process his amended return." Plaintiff's situation is surely frustrating, and his request is seemingly straightforward. However, it is imperative that a court strictly construe statutes that waive the sovereign immunity of the United States, not only with regard to the fact of waiver, but also with regard to the scope. *Doe v. Chao,* 306 F.3d 170, 179 (4th Cir. 2002) ("a limited waiver of sovereign immunity must not be enlarged beyond what the language requires."). Under § 1346(a)(1), the United States has consented to being sued, and the

---

[4] 26 U.S.C. § 7422(a) provides: No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

[5] The only formal claim Plaintiff appears to have filed is the Collection Appeal Request for Year 2000, appealing the denial of his request to pay the $65,573 assessment in installments.

statute is specific in outlining the circumstances under which such a suit can be brought. This court cannot ignore the language of the statute whose meaning has been clearly construed by the Supreme Court.

The fact that Defendants have chosen to apply Plaintiff's tax overpayments for 2001 through 2003, as well as the $7,353 adjustment, to the liability owed for 2000 does not alter this analysis. Plaintiff does not allege that such credits have satisfied the full amount of the 2000 assessment, nor do they appear sufficient to do so. *See Kaffenberger v. U.S.,* 314 F.3d 944 (8th Cir. 2003) (overpayments from subsequent years became credits against tax liability for prior year when IRS, acting within its discretion, applied overpayments to tax assessment for prior year, and therefore district court, which lacked subject matter jurisdiction due to taxpayer's failure to pay assessment in full before bringing action, lacked jurisdiction to order refund of overpayments).

Under the rule of *Flores*, because Plaintiff has not paid his 2000 tax in full, this court does not have subject matter jurisdiction to adjudicate his claims.

## II.    Personal Jurisdiction

Defendant alleges that this court lacks personal jurisdiction over Defendants Department of the Treasury, John W. Snow, IRS, Mark W. Everson, Joel A. Goverman, Sarah B. Mulligan, Office of Taxpayer Advocate and Frances Kleckley. Defendant avers that Plaintiff has not alleged any grounds on which personal jurisdiction exists over the above Defendants, and that the United States is the only real party in interest. Plaintiff, on the other hand, submits that jurisdiction is proper, that it has sued the United States as well as its departments, agencies, entities, political appointees, employees, agents and/or servants and served them properly under Fed. R. Civ. P. 4(i)(1)(A)(B).

7

The court notes that 26 U.S.C. §7422(f)(1) provides support for Defendant's position:

[A refund suit] may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative.

However, because this court lacks subject matter jurisdiction of this action, it is not necessary to determine whether it has personal jurisdiction over certain Defendants.

## Conclusion

For the reasons set forth above, this court grants Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1). This order is without prejudice to Plaintiff's right to timely file any future such action for refund after prepayment of the entire amount of his 2000 assessment.

IT IS SO ORDERED.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
May 10, 2005

C:\temp\notesB0AA3C\04-23429-tp-moore v. USA-motion to dismiss.wpd